UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                                    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-08891-CBM-PVCx | Date | September 16, 2024 |
| Title | Mina Boules v. United States of America; Federal Protective Service et al | | |

Present: The Honorable   CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

Proceedings:   **IN CHAMBERS- AMENDED ORDER RE: DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO STRIKE; PLAINTIFF'S MOTION TO STAY**

The matters before the Court are the United States of America's Motion to Dismiss (Dkt. No. 53 ("USA MTD")); Edward Lott's Motion to Dismiss (Dkt. No. 54 ("Lott MTD")); Paragon Systems, Inc. and Jonathan Sandoval's motion to dismiss (Dkt. No. 55 ("Paragon MTD")) and motion to strike (Dkt. No. 56 ("MTS")); and *pro se* Plaintiff's Motion to Stay (Dkt. No. 78 ("Mot. to Stay")).

## I.   BACKGROUND

This is an action arising from an incident between *pro se* Plaintiff Mina Boules, an attorney who arrived at a federal building to assist a client in an immigration matter involving a deportation hearing, and security guards at that federal building.   (Dkt. No. 51 ("FAC"), ¶¶ 13-16.)   Plaintiff brings the following claims in his First Amended Complaint ("FAC"):

(1) a *Bivens* claim for unlawful and unreasonable search and seizure under the Fourth Amendment against Defendants Lott,[1] Paragon Systems, Inc. ("Paragon"), Sandoval, Doe 5, and Does 51-100;
(2) a *Bivens* claim for violation of due process under the Fifth Amendment against Defendants Lott, Paragon, Sandoval, Doe 5, and Does 51-100;
(3) a Federal Tort Claims Act ("FTCA") claim for battery against all Defendants;
(4) an FTCA claim for assault against all Defendants;
(5) an FTCA claim for false imprisonment against all Defendants;
(6) an FTCA claim for intentional infliction of emotional distress against all Defendants;
(7) an FTCA claim for abuse of process against all Defendants;
(8) an FTCA claim for negligence against all Defendants;

---

[1] Defendant Lott is sued in his personal capacity under all causes of action where he is named.

(9) an FTCA claim for negligent hiring, supervision, or retention against the government, Paragon, Doe 5, and Does 51-100;

(10) a claim under the Ralph Act (Cal. Civ. Code §§ 51.7 *et seq*.) against Defendants Lott, Paragon, Sandoval, Doe 5, and Does 51-100; and

(11) a claim under the Bane Act (Cal. Civ. Code §§ 52.1 *et seq*.) against Defendants Lott, Paragon, Sandoval, Doe 5, and Does 51-100.

The Court previously issued an order dismissing FPS, DHS, and GSA with prejudice and the United States and Lott without prejudice. (Dkt. No. 48.) In its order, the Court noted that Plaintiff must exhaust his administrative remedies prior to filing an amended complaint. (*Id*.) The Court also issued a separate order regarding the Paragon Defendants' motion to dismiss, granting dismissal with leave to amend on all causes of action against the Paragon Defendants except for Plaintiff's Bane Act claim against Sandoval, on which the Court denied the motion. (Dkt. No. 49.)

On May 10, 2024, Plaintiff filed the FAC. On May 24, 2024, The United States and Lott filed motions to dismiss the FAC. On May 28, 2024, the Paragon Defendants filed a motion to dismiss and a motion to strike portions of the FAC. On June 22, 2024, Plaintiff filed a motion to stay proceedings pending the exhaustion of his administrative remedies for his FTCA claims.

## II.     STATEMENT OF THE LAW

**A.     Motion to Dismiss**

    *1.     12(b)(1)*

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction bears the burden of proof jurisdiction exists. *Sopak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. [citation.] In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When considering a facial attack, the court considers the complaint's allegations to be true, and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (citation omitted).

    *2.     12(b)(4) and 12(b)(5)*

Under Federal Rules of Civil Procedure 12(b)(4) and (5), a court may dismiss a suit for insufficient process and insufficient service of process, respectively. Fed. R. Civ. P. 12(b)(4), (5). "Once service is challenged, [Plaintiff] bear[s] the burden of establishing that service was valid." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Rule 12(b)(4) was designed to "challenge irregularities in the contents of the summons." *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986), *reversed on other grounds by* 487 U.S. 412 (1988). A Rule 12(b)(5) motion is used to challenge the mode of delivery or lack of delivery of the summons and complaint. *See, e.g., Crane v. Battelle*, 127 F.R.D. 174, 177 (S.D. Cal. Aug. 4, 1989). Rule 12(b)(4) is a "flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

    *3.     12(b)(6)*

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." "A complaint may be dismissed for failure to state a claim only when it fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of 'his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Legal conclusions are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 545. The Court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff," *Caltex Plastics, Inc.*, 824 F.3d at 1159 (citation omitted), but it need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**B.      Motion to Strike**

The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

### III.      DISCUSSION

**A.      USA's Motion to Dismiss**

The government moves to dismiss all causes of action against it without leave to amend on the grounds that Plaintiff has failed to exhaust administrative remedies under the Federal Torts Claims Act ("FTCA"), and therefore the Court lacks jurisdiction over these claims.

The FTCA states that "action shall not be instituted upon a claim against the United States for money damages … unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing," and that the "failure of an agency to make final disposition of a claim within six months after it is filed shall … be deemed a final denial of the claim for purposes of this section." 28 U.S.C.A. § 2675(a). The Supreme Court has held that the text of the statute is "unambiguous" and "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil*, 508 U.S. at 111 & 113. A "complaint [that is] not an administrative claim within the meaning of 28 U.S.C. § 2675(a)" is not sufficient to meet the jurisdictional requirement of the statute. *Brady*, 211 F.3d at 503. Plaintiff cites no cases to the contrary.

Plaintiff filed this action on July 21, 2023 in state court. The Court previously found that Plaintiff's civil rights complaints with FPS and DHS did not qualify as exhaustion of administrative remedies for purposes of his FTCA claims. (*See* Dkt. No. 48 at 8–9.) Plaintiff did not file an administrative FTCA claim with the relevant federal agencies until April 23, 2024. (*See* Dkt. No. 50.) There is no evidence that the government has responded to Plaintiff's administrative claim yet, and six months has not passed since Plaintiff filed his administrative claim. Therefore, Plaintiff has not exhausted his administrative remedies.

In *Valadez-Lopez v. Chertoff*, 656 F.3d 851 (9th Cir. 2011), the Ninth Circuit clarified that "*McNeil* ought not be read as preventing a plaintiff who wishes to state a number of federal and state law claims against an array of defendants from filing a complaint alleging common facts [and bringing non-FTCA claims] and amending it after exhaustion to state an additional claim under the FTCA." *Id*. at 857 (referencing *McNeil v. United States*, 508 U.S. 106 (1993)). Thus, Plaintiff could have first brought his non-FTCA claims in this case and later sought leave to amend his complaint to add FTCA claims once he exhausted the administrative process for the FTCA

claims. But he cannot, as he has done here, bring FTCA claims *before* exhausting his administrative remedies. Because this failure to exhaust is a jurisdictional defect that cannot be cured through amendment of the FAC, Plaintiff's FTCA claims are dismissed without leave to amend. *See Valadez-Lopez*, 656 F.3d at 855 (noting that because the administrative process is "jurisdictional, it must be strictly adhered to") (internal quotations omitted). If Plaintiff's FTCA claims are not resolved through the administrative process, Plaintiff may seek leave to amend the FAC in this action *after* he has fully exhausted that process (*i.e.*, after the government denies his administrative claim or fails to respond six months after Plaintiff filed his administrative claim). *See D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1247 (9th Cir. 2017) (noting that the Ninth Circuit has "rejected the [] argument that . . . the FTCA's exhaustion requirement demands that a plaintiff institute an entirely new action after exhausting his administrative remedies").

**B.     Lott's Motion to Dismiss**

Lott moves under Rules 12(b)(4) and 12(b)(5) on the grounds that Plaintiff failed to file a proof of service indicating Lott was properly served. (Lott MTD at 27–28.) This argument is now moot after Plaintiff filed a waiver of service of summons signed by Lott. (Dkt. No. 83.)

Lott also argues that the first and second causes of action against him should be dismissed without leave to amend under Rule 12(b)(1) because (1) the claims are an improper extension of *Bivens*, (2) the FAC fails to state a constitutional claim against Lott, and (3) Lott is entitled to qualified immunity. (Lott MTD at 9–10.) The Supreme Court has cautioned that implying a cause of action against a federal official for damages under Bivens is "a disfavored judicial activity." *Egbert*, 596 U.S. at 491–93. Under the two-step test for analyzing a *Bivens* claim, courts "first inquire whether the request involves a claim that arises in a 'new context' or involves a 'new category of defendants'" from the prior cases establishing *Bivens* claims. *See Hernandez v. Mesa*, 589 U.S. 93, 102 (2020). If the first step is met, the second step asks "whether there are any special factors that counsel hesitation about granting the extension." *Id.* (cleaned up). A case is considered to present a "new" context if it is "different in a meaningful way" from the Court's prior cases establishing *Bivens* claims. *Id.* The Supreme Court has noted that these two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 596 U.S. at 492. "If there is even a single reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy." *Id*. (internal quotations omitted).

*1.     Step One*

To determine whether a case involves a *Bivens* claim arising in a new context, courts look at whether "the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Ziglar v. Abbasi*, 582 U.S. 120, 140 (2017). Examples of meaningful differences include: "the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider." *Id*.

The three cases establishing *Bivens* claims are *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), *Davis v. Passman*, 442 U.S. 228 (1979), and *Carlson v. Green*, 446 U.S. 14 (1980). *Bivens* established a claim for violation of the Fourth Amendment in the context of federal law enforcement agents handcuffing a man in his own house without a warrant for search and seizure. *See Bivens*, 403 U.S. at 397. *Davis* established a claim for termination of employment by a congressman based on sex discrimination in violation of the Fifth Amendment. *See Davis*, 442 U.S. at 230. Finally, *Carlson* established a claim for violation of the Eighth Amendment against federal prison officials failing to provide medical treatment to inmates. *See Carlson*, 446 U.S. at 16.

Here, neither of Plaintiff's *Bivens* claims arise from an identical or even similar context to these three cases. Plaintiff argues that his claims do not present a new context and "fall squarely within the framework" of recognized

*Bivens* claims because he alleges "excessive force and unlawful detention" in violation of the Fourth Amendment and "deprivation of liberty without due process." (Dkt. No. 73 at 13, 15.) But "[a] claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernandez*, 589 U.S. at 103. While Plaintiff alleges unlawful seizure (*see* FAC, ¶ 48), unlike in *Bivens*, the alleged seizure did not occur in his own home without a warrant, and the defendant officer here was an agent of Federal Protective Services (whereas in *Bivens*, the officers were agents of the Federal Bureau of Narcotics). The context in which his Fourth Amendment claim arises is significantly different from the context that gave rise to the *Bivens* claim recognized by the Supreme Court. And unlike in *Davis*, Plaintiff's Fifth Amendment claim does not arise from termination of employment based on sex discrimination. The Supreme Court "has only recognized a *Bivens* remedy for Fifth Amendment violations in the context of gender-based employment discrimination." *Stanard v. Dy*, 88 F.4th 811, 818 (9th Cir. 2023). Therefore, the first step of the test is met.

        2.        Step Two

The second step requires the Court to determine whether any "special factors counsel hesitation against extending *Bivens*." *Harper v. Nedd*, 71 F.4th 1181, 1185 (9th Cir. 2023). "Under *Egbert*, rarely if ever is the Judiciary equally suited as Congress to extend *Bivens* even modestly," because "the creation of a new cause of action is inherently legislative, not adjudicative." *Id*. at 1187 (internal quotations omitted). Where Congress has provided for an alternative remedy, courts "do not second guess Congress's determination." *Id*. at 1188; *see also Ziglar v. Abbasi*, 582 U.S. 120, 137 (2017) ("if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action").

Plaintiff argues that he has no adequate alternative remedies because the remedies "cited by the defense, such as the DHS Office of Inspector General and Office for Civil Rights and Civil Liberties, primarily provide administrative oversight and are not designed to offer the same judicial redress for constitutional violations as a [*Bivens*] remedy." (Dkt. No. 73 at 20.) But "[a]lternative remedial structures can take many forms, including administrative, statutory, equitable, and state law remedies." *Vega v. United States*, 881 F.3d 1146, 1154 (9th Cir. 2018). "Several courts have pointed to the existence of administrative and statutory procedures, including the Department of Homeland Security's civil rights complaint process, as constituting an alternative remedy counseling against creation of *Bivens* remedies." *Lundquist v. United States*, 2021 WL 3744573, at *8 (C.D. Cal. July 27, 2021) (dismissing *Bivens* claims against TSA airport security agents after two-step test weighed against extending *Bivens*); *see also Escamilla v. United States*, 2018 WL 1684307, at *10 (C.D. Cal. Apr. 4, 2018) (denying leave to amend for plaintiff to add *Bivens* claims because plaintiff had alternative remedies under the FTCA and state law, and had "also sought alternative remedies by reporting 'civil rights violations' to the DHS's Office for Civil Rights and Civil Liberties"). Moreover, Plaintiff has alternative remedies as evidenced by his FTCA and state law claims. *See Escamilla*, 2018 WL 1684307, at *10. Therefore, the two-step test indicates that the Court should not extend *Bivens* to create new claims.

Because Plaintiff's *Bivens* claims fail as a matter of law, his first two causes of action against Lott are dismissed with prejudice.

**C.        Paragon and Sandoval's Motion to Dismiss and Motion to Strike**

The Paragon Defendants move to dismiss (1) the *Bivens* claims against them because the Fourth and Fifth Amendments "do not provide private rights of action"; (2) the FTCA claims against them on the grounds that the FTCA does not provide claims against private actors; and (3) the FTCA and state law claims against Paragon on the grounds that Plaintiff fails to plead sufficient facts to establish that Paragon ratified its employees' conduct. (Paragon MTD at 2–3.)

*1.      Bivens claims (Counts One through Two)*

As discussed above, Plaintiff's *Bivens* claims fail as a matter of law because case law counsels against creating any new *Bivens* claims, and Plaintiff's claims do not fall under one of the existing three claims established by *Bivens* and its progeny. Moreover, even if Plaintiff could state his *Bivens* claims, he would not be able to bring those claims against a "private security company" (FAC, ¶ 3.). *See Correctional Services Corporation v. Malesko*, 534 U.S. 61, 63 (2001) (holding that *Bivens* "may not be extended to confer a right of action for damages against private entities acting under color of federal law"); *Minneci v. Pollard*, 565 U.S. 118, 125 (2012) (reversing Ninth Circuit decision and holding that federal prisoner seeking "damages from privately employed personnel working at a privately operated federal prison" for conduct that "typically falls within the scope of traditional state tort law," plaintiff "must seek a remedy under state tort law").[2]  Accordingly, Plaintiff's first and second causes of action against the Paragon Defendants are dismissed with prejudice.

*2.      FTCA claims (Counts Three through Nine)*

Plaintiff appears to argue that he is asserting common law tort claims against the Paragon Defendants. (*See* Dkt. No. 66 at 8–9.) The FAC, however, clearly states that the third through ninth causes of action are under the FTCA. (FAC at 10–20.) The FTCA does not apply to private employees such as the [Paragon Defendants]." *Vega*, 881 F.3d at 1154; *see also United States v. Orleans*, 425 U.S. 807, 813 (1976) (noting that the FTCA "was never intended, and has not been construed by this Court, to reach employees or agents of all federally funded programs that confer benefits on people" and that the statute "defines Government employees to … exclude any contractor with the United States") (cleaned up). As currently pleaded, the third through ninth causes of action against the Paragon Defendants are brought under the FTCA and thus fail as a matter of law because the Paragon Defendants are not employees of the government. Therefore, these claims are dismissed. To the extent Plaintiff intended to bring state common law tort claims against the Paragon Defendants, the Court grants Plaintiff leave to amend so that he may include those claims as separate causes of action from any FTCA claims.

The Paragon Defendants also argue that with respect to the seventh cause of action, the FAC fails to state any facts indicating a misuse of the legal process. "The tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed." *Brown v. Kennard*, 94 Cal. App. 4th 40, 44 (2001). "To succeed in an action for abuse of process, a litigant must establish two elements: that the defendant (1) contemplated an ulterior motive in using the process; and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." (*Id.*) "Process is action taken pursuant to judicial authority. It is not action taken without reference to the power of the court." *Adams v. Superior Ct.*, 2 Cal. App. 4th 521, 530 (1992).

Here, the FAC alleges no facts about any of the defendants' use of the judicial process. Nothing on the face of the FAC suggests that the events giving rise to this action involved the *judicial* process or the courts. But because leave to amend should be granted "freely," the Court grants Plaintiff leave to amend this claim. *J. B. Williams Co. v. Le Conte Cosms., Inc.*, 523 F.2d 187, 193 (9th Cir. 1975).

*3.      Paragon's Ratification (Counts Three through Eleven)*

Under California law, "[a]s an alternate theory to respondeat superior, an employer may be liable for an employee's act where the employer either authorized the tortious act or subsequently ratified an originally unauthorized tort." *Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, 627 F. Supp. 2d 1187, 1201 (E.D. Cal. 2009) (quoting *C.R. v. Tenet Healthcare Corp.*, 169 Cal. App. 4th 1094, 1110 (2009)). "The theory of ratification is generally applied where an employer fails to investigate or respond to charges that an employee committed an intentional tort, such as assault or battery." *Id*. "Accordingly, ratification may be inferred from the fact that the

---

2 The cases Plaintiff cites in support of his argument relate to § 1983 claims, not *Bivens* claims.

employer, after being informed of the employee's actions, does not fully investigate and fails to repudiate the employee's conduct by redressing the harm done and punishing or discharging the employee." *Id*. (internal quotations omitted).

Here, the FAC alleges the following:

- Following the incident, Plaintiff Mina Boules proactively contacted Paragon Security to report the misconduct committed by Officer Sandoval and requested to speak to a supervisor to explain the severity of the violation. Plaintiff provided a detailed account of the incident over the phone, emphasizing the unlawful actions taken by Officer Sandoval. (FAC, ¶ 33.)
- In response to Plaintiff's report, representatives of Paragon Security stated that Officer Sandoval acted within his authority as he was following Lieutenant Lott's instructions. This response indicates an endorsement of the actions taken by Officer Sandoval. (FAC, ¶ 34.)
- The entity defendants and each of them authorized and or ratified the individual defendants' conduct. Boules is informed and believes and therefore alleges that at least some of the DOE individuals had sufficient rank and managerial duty to act on behalf his entity employer such that the entity engaged in the offending conduct. (FAC, ¶ 71.)
- During the incident, as Plaintiff repeatedly requested the officers, including Defendants Lieutenant Lott and Supervisor Sandoval, to cease their unlawful actions and consult their supervisor due to the legality and propriety of their conduct, the response was dismissive and indicative of authorized behavior. Specifically, Defendants stated they did not care about the legal challenges presented by Plaintiff and arrogantly proclaimed that they were authorized to proceed as they were doing, signaling that their actions were endorsed and ratified by their superiors and the entity they represented. (FAC, ¶ 72.)

These allegations are sufficient under California law to establish ratification at the motion to dismiss stage. *See, e.g.*, *Cisco Sys., Inc. v. Chung*, 462 F. Supp. 3d 1024, 1057 (N.D. Cal. 2020) (finding plaintiff adequately alleged theory of ratification where complaint alleged executive defendants had knowledge of the alleged misconduct). "Retention of an employee after knowledge of the employee's conduct or an adequate opportunity to learn of the conduct may support an inference of ratification." *Garcia ex rel Marin*, 627 F. Supp. 2d at 1202 (citing *Murillo v. Rite Stuff Foods, Inc.*, 65 Cal. App. 4th 833, 852 (1998)). To the extent the third through ninth causes of action against Paragon are meant to be brought under state common law, the FAC adequately states a theory of ratification under the third through ninth causes of action. The FAC similarly adequately pleads ratification under the tenth and eleventh causes of action. Therefore, Paragon's motion to dismiss is denied as to counts ten and eleven.

    4.    *Motion to Strike*

The Paragon Defendants move to strike Plaintiff's first, second, and seventh causes of action on the grounds that Plaintiff did not seek leave to add these causes of action in his opposition to Defendants' motion to dismiss the initial complaint and Plaintiff should not now be allowed to add new causes of action into the FAC.[3]

Because Plaintiff's *Bivens* claims fail as a matter of law and cannot be amended to cure the deficiencies within, the motion to strike is moot as to those claims. The motion to strike is otherwise denied, as leave to amend should be granted "freely." *J. B. Williams Co. v. Le Conte Cosms., Inc.*, 523 F.2d 187, 193 (9th Cir. 1975).

---

3  In his opposition to the Paragon Defendants' motion to dismiss the original complaint, Plaintiff did not seek leave to add specific new claim, but he did request leave to amend the complaint generally. (*See* Dkt. No. 38.)

**D.      Plaintiff's Motion to Stay**

Plaintiff requests that the Court stay this case until October 29, 2024, pending the anticipated exhaustion of his administrative FTCA claim.  (Mot. to Stay at 2.)   Plaintiff argues that without a stay, he will face "irreparable harm through the premature dismissal of the case, which would prevent a fair adjudication of the claims due to technical procedural issues related to administrative exhaustion."  (*Id*.)

As discussed above, the defects in Plaintiff's FTCA claims in this case are not merely technical or procedural—they are jurisdictional.  The Court does not have subject matter jurisdiction over FTCA claims that are filed in federal court before the administrative claim is filed.  A stay of proceedings cannot cure this lack of jurisdiction.   Accordingly, the motion to stay is denied.

## IV.      CONCLUSION

Accordingly, the Court rules as follows:

- The government's 12(b)(1) motion to dismiss is **GRANTED** and Plaintiff's causes of action against the government are dismissed without leave to amend;
- Defendant Lott's motion to dismiss is **GRANTED** on 12(b)(1) grounds and Plaintiff's causes of action against Lott are dismissed without leave to amend;
- The Paragon Defendants' 12(b)(6) motion to dismiss is **GRANTED** as to Plaintiff's *Bivens* causes of action, which are dismissed without leave to amend; **GRANTED** as to Plaintiff's third through ninth causes of action, which are dismissed with leave to amend; and **DENIED** as to Plaintiff's tenth and eleventh causes of action;
- The Paragon Defendants' motion to strike is **DENIED**; and
- Plaintiff's motion to stay is **DENIED**.

The remaining claims in this case are the tenth cause of action for violation of the Ralph Act against Sandoval and Paragon, and the eleventh cause of action for violation of the Bane Act against Sandoval and Paragon. Any amended complaint to correct the deficiencies identified in the third through ninth causes of action against the Paragon Defendants must be filed no later than **August 23, 2024**.   If Plaintiff chooses to file an amended complaint, the amended complaint "shall be complete" and "shall not refer to the prior, superseded pleading." (L.R. 15-2.)

**IT IS SO ORDERED.**