UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINA BOULES,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>        Defendants. | Case No. 2:23-cv-08891-CBM-PVCx<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between the parties and subject to Court approval, that a Protective Order be issued to permit Defendant United States to release specified documents and information in this litigation.

## I.      Purpose of Stipulation for Protective Order

1.      Pro se Plaintiff Mina Boules filed this action against Defendant United States ("Defendant") and non-Federal Defendants Paragon Systems and Jonathan Sandoval ("non-Federal Defendants"), arising from his interactions with United States Federal Protective Service ("FPS") and Paragon officers when he attempted to enter a federal building on December 7, 2022. Plaintiff brings claims against the United States under the Federal Tort Claims Act; after motion practice, the remaining claims against the United States are battery, assault, false imprisonment, intentional infliction of emotional distress, and violation of the Ralph Act. The United States disputes liability and damages.

2.      Good Cause Statement: The parties respectfully submit that good cause exists for entry of this stipulated Protective Order. Defendant United States possesses or has access to the following categories of documents and information which may be relevant to the parties' claims or defenses, that contain information protected from disclosure by the Privacy Act of 1974[1], 5 U.S.C. § 552(a) et seq., including information about non-parties, and/or the law enforcement privilege or sensitive security information ("Protected Material"):

      a.      FPS Megacenter Dispatch call log and associated recordings;

      b.      FPS, Office of Professional Responsibility, Office of Internal Investigations - Report of Investigation, Case Number 23-0190-R09;

      c.      FPS, Prohibited Items Program, Directive Number: 15.9.3.1.

More specifically, the Protected Material consists of, among other things, information

---

[1] The Privacy Act generally prohibits Defendant from disclosing "records" of individuals without their consent.  See 5 U.S.C. § 552a(a)(4), (b). Disclosure is permitted, however, if made "pursuant to the order of a court of competent jurisdiction." Id. § 552a(b)(11).

1

implicating the privacy rights of third parties, information about investigation of law enforcement officers, law enforcement and investigative techniques, building security information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

3. The parties submit that the need for disclosure of the foregoing documents and information outweighs any potential harm, provided that appropriate safeguards are imposed and that the disclosed documents and information are used solely for this litigation.

4. Other than explicitly set forth herein, this Stipulation does not apply to any information or documents subject to a claim of privilege or other basis of exclusion and is not precedent for adopting any procedure with respect to the disclosure of any other information.

5. This Stipulation permits Defendant United States to produce the specified documents and information but does not require production.

6. This Stipulation is not intended to affect the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or other authority, nor is it intended to alter any burden of proof regarding the assertion of a privilege.

7. Neither the Stipulation nor Protective Order constitutes a ruling on whether a particular document or category of information is discoverable or admissible.

8. Nothing in this Stipulation prohibits a party from seeking further protection by a Court-approved stipulation or applying to the Court directly.

9. Nothing in this Stipulation waives the right of Defendant United States to use, disclose, or disseminate documents or information in accordance with the provisions of the Privacy Act or other statutes, regulations, or policies.

10. The Department of Justice, the United States Attorney's Office, FPS, and the Department of Homeland Security bear no responsibility or liability for any disclosure made pursuant to the Protective Order sought by this Stipulation.

## II.     Disclosure and Use of Protected Material

11.     The Protected Material is to be used solely for the purpose of this litigation and not for any other purpose whatsoever.

12.     Documents produced pursuant to the Protective Order shall be designated by stamping "USA Protected Material" on the pages of the document. Other than first and last names, personally identifiable information shall be redacted.

13.     If the United States believes that a response to an informal or formal discovery request concerns the categories of documents and information subject to the Protective Order, counsel will designate that response as subject to the Protective Order by interposing the phrase "USA Protected Material" prior to the response.

14.     Testimony taken at a deposition may be designated as Protected Material by making a statement to that effect on the record at the deposition. Arrangements must be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing such designated information, and to label such portions appropriately.

15.     Protected Material may be disclosed only to:

      a.     Counsel of record for the parties in this case;

      b.     The parties in this case;

      c.     Court reporter(s) employed in this action;

      d.     Retained experts or consultants, but only to the extent that disclosure is necessary to aid in the formation of the expert's or consultant's opinions in this matter;

      e.     Retained litigation support vendors; and

      f.     A witness at any deposition or other proceeding in this action.

Provided that for individuals falling into (d), (e), and (f) categories, that: (1) the proposed recipient of the Protected Material is identified in advance to counsel for the United States; (2) the recipient agrees to be bound by the terms of this Order and executes the Acknowledgement and Agreement to Be Bound by Protective Order attached hereto; (3)

the recipient must agree not to duplicate the Protected Material; and (4) the recipient must agree to destroy the Protected Material at the termination of the litigation.

16.    No party shall lodge or file documents, pleadings, transcripts, or other materials in this litigation that contain or disclose Protected Material without obtaining Court approval to lodge or file the Protected Material under seal pursuant to Local Rule 79-5.1. All documents, pleadings, transcripts, or other materials lodged or filed in this litigation (including any appeal) that contain or disclose Protected Material must be submitted under seal. All deposition transcripts that contain or disclose Protected Material must be maintained under seal and subject to the Protective Order even if they are not lodged or filed with the Court.

17.    The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by the United States, the United States may request that the document be returned. In the event that such a request is made, all recipients shall promptly return all copies of the document in their possession, custody, or control to the United States and shall not retain or make any copies of the document or any documents derived from such document.

18.    If any party learns that, by inadvertence or otherwise, they have disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, they must immediately (a) notify the United States in writing of the unauthorized disclosures, (b) use their best efforts to  retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

19.    No Protected Material shall be inputted, submitted, uploaded, disclosed, or otherwise provided to any Artificial Intelligence platform or machine learning service. This includes providing any copies, extracts, excerpts, compilations, summaries,

screenshots, and/or photographs of Protected Material into any Artificial Intelligence platform or machine learning service. Artificial Intelligence platform means any software, service, or system that processes materials using machine learning, large language models, or other algorithmic methods to generate outputs, summaries, analyses, or other transformations.

20.    Within 30 days of the termination of this litigation (including any appeal), pro se Plaintiff and counsel of record for Private Defendants, must destroy all originals or duplicates (as defined by Federal Rule of Evidence 1001) of Protected Material, not including documents filed with the Court. Pro se Plaintiff and counsel of record for Private Defendants must submit a written certification to Defendant that all Protected Material has been destroyed. If any party fails to do so, Defendant United States may immediately file a notice of noncompliance to obtain from the Court an Order to Show Cause why sanctions should not be imposed.

21.    The parties agree to the foregoing provisions in both form and substance, and consent to entry of the concurrently filed [Proposed] Protective Order.

**GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED.**

Dated: January 29, 2026    _____

HON. PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

5

## ATTACHMENT A

### Acknowledgment and Agreement to Be Bound

I, _____ [full name], of

_____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Mina Boules v. United States of America*, *et al.* United States District Court for the Central District of California, Civil Action No. 2:23-cv-08891-CBM-PVC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.


Dated: _____

Printed Name: _____

Signature: _____

City and State Where Signed: _____